# SIMMS·SHOWERS LLP

INTERNATIONAL PRACTICE. PERSONAL COMMITMENT.

**Christopher J. Lyon**
PARTNER
cjlyon@simmsshowers.com
443.290.8708

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2019 MAR -1 PM 12: 22

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY

19MC130

March 1, 2019

**VIA HAND-DELIVERY**
The Honorable Felicia C. Cannon
Clerk of Court
United States District Court
 for the District of Maryland
101 West Lombard Street
Baltimore, Maryland 21201

    Re:    *In Re Digital Ocean, LLC*--Miscellaneous Case Concerning CravingsHappen.com Issuance of Subpoena under Digital Millennium Copyright Act ("DMCA")[1] 17 U.S.C. § 512(h), "Subpoena to Identify Infringer"

Dear Ms. Cannon:

    On behalf of my client, Sally's Baking Addiction LLC, I respectfully request issuance of a subpoena pursuant to 17 U.S.C. § 512(h) for purposes of identifying the infringer of numerous of my client's copyrights in works appearing at my client's popular website—www.sallysbakingaddiction.com—and to protect my client's rights under the Copyright Act (17 U.S.C. § 101 *et seq.*). The infringing material appears at the website www.cravingshappen.com, and the owner of that website has taken measures to conceal its identity.

    The DMCA authorizes a "copyright owner or a person authorized to act on the owner's behalf" to "request the clerk of any United States District Court to issue a subpoena to a service provider for identification of an alleged infringer. . . ."[2] 17 U.S.C. § 512(h)(1). Oftentimes, only

---

[1] "The DMCA was enacted both to preserve copyright enforcement on the Internet and to provide immunity to service providers from copyright infringement liability for 'passive,' 'automatic' actions in which a service provider's system engages through a technological process initiated by another without the knowledge of the service provider." *ALS Scan, Inc. v. RemarQ Cmtys., Inc.*, 239 F.3d 619, 625 (4th Cir. 2001)(quoting H.R. Conf. Rep. No. 105-796, at 72 (1998), reprinted in 1998 U.S.C.C.A.N. 649; H.R. Rep. No. 105-551(I), at 11 (1998)).

[2] The Digital Millennium Copyright Act defines "service provider" as follows:

**Service provider.—**
(A) As used in subsection (a), the term "service provider" means an entity offering the transmission, routing, or providing of connections for digital online communications, between or among points specified by a user, of material of the user's choosing, without modification to the content of the material as sent or received.

(B) As used in this section, other than subsection (a), the term "service provider" means a provider of online services or network access, or the operator of facilities therefor, and includes an entity described in subparagraph (A).

17 U.S.C. § 512(k).

# SIMMS·SHOWERS LLP

INTERNATIONAL PRACTICE. PERSONAL COMMITMENT.

a service provider—such as the provider of website hosting services—will know the identity of the owner of a website. To obtain the subpoena, the DMCA requires the request to include three (3) items:

(1) a copy of a notification described in 17 U.S.C. § 512(c)(3)(A), commonly known as a "takedown" notice;[3]

(2) a proposed subpoena; and

(3) a sworn declaration to the effect that the purpose for which the subpoena is sought is to obtain the identity of an alleged infringer and that such information will only be used for the purpose of protecting rights under this title.

Accordingly, included herewith at Exhibit A are my client's "takedown" notices—the first item required under the DMCA—with accompanying e-mail correspondence with service providers, including Digital Ocean, LLC, the entity named in the proposed subpoena. The proposed subpoena is included at Exhibit B, which is the second item required under the DMCA. The third item required under the DMCA—a sworn declaration—appears below.

Thank you for your attention to this matter. I am available at your convenience for any questions.

Sincerely,

Christopher J. Lyon
(Bar No. 27443)

## SWORN DECLARATION

I hereby declare under penalty of perjury that the purpose of which the subpoena at Exhibit B is sought is to obtain the identity of an alleged infringer of my client's copyrights and that such information will only be used for the purpose of protecting my client's rights under the Copyright Act, 17 U.S.C § 101, *et seq.*

Christopher J. Lyon
(Bar No. 27443)

---

[3] "'Section 512(c) codifies a detailed notice and takedown procedure by which copyright holders inform service providers of infringing material accessible through their sites, and service providers then 'disable *access* to' such materials.'" *Hoge v. Schmalfeldt*, Civil Action No. ELH-14-1683, 2014 U.S. Dist. LEXIS 89882, at *20-21 (D. Md. July 1, 2014))(quoting *UMG Recordings, Inc. v. Shelter Capital Partners LLC*, 718 F.3d 1006, 1018 (9th Cir. 2013) (in turn citing 17 U.S.C. § 512(c)(1)(A)(iii), (c)(1)(C) & (c)(3)(A)(iii)))(emphasis added in *UMG Recordings*).